

FILED & JUDGMENT ENTERED
Christine F. Winchester

July  1  2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

IN RE:
Erica Dawn Buffington

SSN#: XXX-XX-5298

Case No.  25-50021

Chapter 13

Related Docket #:  9

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

**THIS CAUSE** came before the United States Bankruptcy Court for the Western District of North Carolina, Statesville Division, on the Objection of Trustee to Confirmation of Plan; Motion to Dismiss ("Trustee's Objection"). The court held an evidentiary hearing on June 17, 2025. Kimberly A. Sheek represented the Debtor, and Deborah Crowder represented the Trustee. The Court hereby finds and concludes that the objection to confirmation should be sustained.

On January 23, 2025, the Debtor commenced this Chapter 13 bankruptcy case and noted her ownership of a 2010 Honda CRV, VIN 5J6RE3H79AL030006 (the "Vehicle") on the Schedule A/B filed with her petition (Doc. No. 1). The value listed for the Vehicle is $0.00. The description states as follows: "JD Power Clean Retail $8,660. The vehicle is used by the Debtor's father and is currently in TX. The debtor only has bare legal title. Therefore, the current value of the debtor's interest is $0.00."

At the § 341 Meeting held on February 24, 2025, the Trustee questioned the purported value of the Vehicle at $0.00. The Debtor and her attorney stood by the valuation. The Trustee advised the Debtor that he could not recommend confirmation based on the Vehicle's valuation and exclusion from property of the estate as well as the Debtor's delinquency in paying first monies.[1] The Trustee filed the Trustee's Objection

---

[1] At the June 17 hearing, the Trustee's attorney reported that the Debtor had caught up her plan payments.

on February 25, 2025 (Doc. No. 9).

At the June 17 hearing, the Debtor testified and introduced evidence regarding her mother's will, which indicated that the Debtor's stepfather, who lives in Texas, was to take possession of the Vehicle at her passing. The Debtor testified that there was an outstanding loan on the Vehicle when her mother died. Her stepfather did not have the ability to pay off the loan, nor did he have credit in order to incur debt to satisfy the outstanding loan. As a result, the Debtor took out a loan with the Vehicle as collateral in her name, and her stepfather made payments to the Debtor for five years that she applied to the loan. The Debtor introduced bank statements as evidence to support her testimony. When the loan in the Debtor's name was paid in full in 2019, the lienholder sent the title to the Vehicle to her with her name on the title as owner of the Vehicle. The Debtor testified that she did not have a chance to travel back to Texas to transfer the title to her stepfather.

The attorney for the Debtor argued that the Vehicle should not be deemed property of the estate due to the legal theory of a resulting trust. The Debtor relied on *Ward v. Unitrin Direct Prop. & Cas. Co. (In re Stafford)*, No. 06CV145, 2011 WL 10894608 (W.D.N.C. Sept. 15, 2011) [hereinafter *Stafford–District Court*], to support her argument in favor of a resulting trust. The Debtor's attorney argued that since the stepfather made all of the payments and the parties never intended for the Debtor to be the owner of the Vehicle, the stepfather owned the Vehicle under a resulting trust despite the Debtor's name on the title as the owner of the Vehicle.

The attorney for the Trustee argued that the Vehicle is property of the estate based on North Carolina General Statute section 8-37. Section 8-37 states that a certificate of title is prima facie evidence of ownership. The attorney for the Trustee argued that the Vehicle's value from the Schedule A/B description includes non-exempt equity that the Debtor's plan must cover.

The court finds that the Debtor is the owner of the 2010 Honda CRV as of the date of the filing of this case based on General Statute section 8-37, and thus the Vehicle is property of the estate and should be listed in Schedule A/B at its full value. The court rejects the Debtor's argument that the Vehicle is not property of the estate due to a resulting trust. The dispute over insurance proceeds in *Stafford–District Court*

is factually distinguishable. *See Stafford–District Court*, 2011 WL 10894608, at *1–3 (describing dispute between Chapter 7 trustee and contractor over insurance funds made available after a fire destroyed the debtors' house). In addition, both *Stafford–District Court* and the order on appeal therein, *Ward v. Unitrin Direct Prop. & Cas. Co. (In re Stafford)*, 357 B.R. 730 (Bankr. W.D.N.C. 2006) [hereinafter *Stafford–Bankruptcy Court*], observe that a resulting trust arises when one party provides consideration that enables another to acquire title to property. *Stafford–District Court*, 2011 WL 10894608, at *6 ("A resulting trust arises, if at all, in the same transaction in which legal title passes, and by virtue of consideration advanced before or at the time legal title passes, and not from consideration thereafter paid." (quoting *Ray v. Norris*, 78 N.C. App. 379, 383 (1985))); *Stafford–Bankruptcy Court*, 357 B.R. at 738 ("[T]he courts presume that the person who provided the consideration, which allowed another person to take legal title to property, intended to create a trust at the time of the transfer of consideration and legal title." (citing *Bowen v. Darden*, 241 N.C. 11, 14 (1954); *Avery v. Stewart*, 136 N.C. 426, 48 S.E. 775, 778 (1904)). In this case, the stepfather did not provide money to allow the Debtor to obtain title to the Vehicle after her mother passed away. Instead, the Debtor took the initiative to refinance the loan and obtain the title because the stepfather could not take such steps on his own.

Based upon the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Trustee's Objection is **SUSTAINED**.

2. The Debtor must file an amended plan and an amended Schedule A/B showing the full retail value of the 2010 Honda CRV within 30 days of the entry of this order.[2]

3. The Debtor is required to cover the non-exempt equity in the Vehicle by increasing her plan payment amount, and the plan payment terms will be $615 for four months and then $655 for 56 months.

This Order has been signed electronically.  UNITED STATES BANKRUPTCY COURT
The Judge's signature and Court's seal
appear at the top of the Order.

---

[2] The Debtor filed an amended Schedule A/B on June 18, 2025 and amended plans on June 18 and 19.